UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES CASSELL,

                       Plaintiff,

          -against-

MR. UMOH FIRM,

                     Defendant.

23-CV-8454 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

     Plaintiff filed this action *pro se*. On November 6, 2023, the Court dismissed Plaintiff's complaint, in which he asserted claims against his former lawyer, for lack of subject matter jurisdiction. The Court granted Plaintiff leave to file an amended complaint within 30 days, and when he failed to do so, on December 8, 2023, the Court entered judgment.

     On December 14, 2023, Plaintiff filed a motion seeking to reopen this matter. The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

### DISCUSSION

     Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing
> party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or (6) any other reason justifying
> relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one

year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P.

60(c)(1).

Plaintiff's complaint was dismissed because the federal court has limited jurisdiction, and

Plaintiff's claims against his former attorney did not arise under federal law. Plaintiff's complaint

also could not proceed under the Court's diversity jurisdiction because Plaintiff did not allege

that he and his attorney had diverse citizenship; both appeared to be domiciled in New York.

Plaintiff seeks to reopen this action because he states that he did not receive the Court's order,

which was mailed to him on December 12, 2023.[1] Plaintiff does not indicate, however, that there

is any error in the Court's conclusion that it lacks subject matter jurisdiction of this matter or

allege any facts that might suggest that the Court has diversity jurisdiction of this action. Plaintiff

thus has not shown any basis for reconsidering the holding that the Court lacks subject matter

jurisdiction of this action.

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of

his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five

clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

---

[1] Plaintiff initially moved for reconsideration on December 14, 2023. (ECF 9.)

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A motion under Rule 60(b)(6) must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

Because this action was dismissed for lack of subject matter jurisdiction in federal court, the dismissal of this action does not prevent Plaintiff from pursuing any claims that he may have against his former attorney in a state court of general jurisdiction.

## CONCLUSION

Plaintiff's motions for reconsideration (ECF 8-12) are denied. This action is closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 5, 2024
       New York, New York

               /s/ Laura Taylor Swain
                LAURA TAYLOR SWAIN
           Chief United States District Judge